Robert Isadore **RICHARDSON**,
Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

Civil Action No. 3:07–cv–93.
Criminal Action No. 3:05–cr–40.

United States District Court,
N.D. West Virginia,
Martinsburg.

April 30, 2009.

Brendan S. Leary, Federal Public Defender Office, Wheeling, WV, for Petitioner.

Thomas O. Mucklow, U.S. Attorney's Office, Martinsburg, WV, for Respondent.

## ORDER OVERRULING PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION AND ORDER ADOPTING REPORT AND RECOMMENDATION

JOHN PRESTON BAILEY, Chief Judge.

This case is pending before this Court on the Opinion/Report and Recommendation (hereinafter "R & R") filed by Magistrate Judge James E. Seibert [Cr. Doc. 141] and the Petitioner's Objections to Report and Recommendation [Cr. Doc. 142] regarding petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Cr. Doc. 103]. After reviewing the R & R, the record, and the arguments of the parties, the Court finds that petitioner's objections to the R & R should be **OVERRULED,** the R & R should be **ADOPTED,** and petitioner's § 2255 Motion should be **DENIED in part** and **GRANTED in part.**

## BACKGROUND

On May 8, 2006, the petitioner entered into a plea agreement with the United States. [Cr. Doc. 87]. He agreed to plead guilty to Count Two of the indictment returned in criminal action 3:05–cr–40. (Id.) Count Two alleged that petitioner possessed with intent to distribute 16.20 grams of cocaine base in violation of 21 U.S.C. 841(a)(1). (Id.) Petitioner's plea agreement included an appeal waiver, including a waiver of appeal pursuant to 28 U.S.C. § 2255. ( [Cr. Doc. 88] ¶ 10).

At the hearing where the Court accepted petitioner's plea of guilty, the petitioner was asked whether he understood the plea agreement (Plea Transc. at 13); whether he had gone over it with counsel (Id. at 13); whether he understood the appellate and post-conviction rights waiver (Id.); whether he agreed with the terms of the agreement (Id.); and whether he agreed with the factual basis of the plea as presented at the hearing (Plea Transc. at 24–25). He answered in the affirmative all these questions. The Court also went over with the petitioner all the rights that he was giving up in pleading guilty. (Id. at 13–22). The defendant stated that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 24–26).

Petitioner stated at the plea hearing that his guilty plea was not a result of any promises other than those contained in the plea agreement. (Plea Transc. at 25). Petitioner stated that his attorney had adequately represented him and that his attorney had left nothing undone. (Id. at 25–26). Finally, petitioner stated that he was pleading guilty because he was in fact guilty of the crime charged. (Id. at 26).

At the end of the hearing, the Court found that petitioner's plea was free and voluntarily (Plea Transc. at 26); that petitioner understood the consequences of

pleading guilty (Id.); and that the elements of Count Two of the indictment were established beyond a reasonable doubt (Id.). The petitioner did not object to these findings. (Id.)

On August 8, 2008, petitioner appeared before the Court for sentencing. [Cr. Doc. 93]. The Court considered several factors in sentencing defendant including: the circumstances of the crime and the defendant, and the sentencing objectives of punishment. [Cr. Doc. 98]. The Court sentenced defendant to a term of 210 months imprisonment, 4 years of supervised release, a fine of $1,100.00, and a special assessment fee of $100.00. The Judgment and Commitment Order was entered on August 28, 2008. [Cr. Doc. 98]

On July 27, 2007, *pro se* petitioner filed a motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence [Cr. Doc. 103]. On October 5, 2007, the Government was Ordered to answer petitioner's § 2255 Motion. [Cr. Doc. 105]. On November 29, 2007, the Government timely filed its response to petitioner's motion. [Cr. Doc. 109]. Petitioner filed his Reply on March 4, 2008. [Cr. Doc. 111]. On April 7, 2008, petitioner filed a supplemental brief in support of his motion. [Cr. Doc. 113].

On June 23, 2008, Magistrate Judge Seibert issued a R & R [Cr. Doc. 121] finding that an evidentiary hearing was required on whether petitioner had requested his attorney to file an appeal of his sentence; and that all petitioner's other claims should be dismissed. Magistrate Judge Seibert concluded that plaintiff had "knowingly, intelligently, and voluntarily waived the right to collaterally attack the sentence." ( [Cr. Doc. 121] at 12).

On September 25, 2008, the Magistrate Judge held a hearing to determine whether petitioner had requested his attorney to file an appeal of his sentence. [Doc. 133]. On October 24, 2008, the Magistrate Judge

issued a Report and Recommendation finding that the original judgment should be vacated and that petitioner should be resentenced. [Doc. 141]. In the R & R Magistrate Judge Seibert found after an evidentiary hearing that: (1) the defendant asked counsel, Sherman Lambert, to file an appeal; (2) Mr. Lambert did not file the notice of appeal; and (3) his failure to do so constituted per se ineffective assistance of counsel. (Id.)

On October 30, 2008, the Government filed objections to the R & R arguing Mr. Lambert was terminated prior to the time that petitioner requested Mr. Lambert file an appeal, and that, therefore, Mr. Lambert could not be per se ineffective under *Poindexter.*

On December 5, 2008, petitioner also filed objections to the R & R. [Doc. 144]. His only objection related to the portion of the R & R addressing petitioner's claims that he was improperly arraigned which have already ruled on and adopted by this Court. (See [Doc. 148] ).

During the September 25, 2008, hearing, Mr. Lambert testified that the defendant fired him after sentencing. He also introduced into evidence a copy of his retainer agreement indicating that his services 'did not include appeal.' Evidence was also presented that the defendant wrote to Mr. Lambert more than 10 days after he was sentenced (but not more than 10 days after the J & C was entered). In the letter, the defendant asked that Mr. Lambert file an appeal. Mr. Lambert wrote the defendant back a few days later stating that he was not the defendant's attorney because he was terminated and that if he wanted representation for appeal he would have to pay Mr. Lambert.

### OBJECTIONS OF THE GOVERNMENT

The Government objects to the R & R on the following grounds: (1) the R & R

puts the onus on the Government to produce evidence that the Mr. Lambert was terminated, but such a burden should fall on the defendant; (2) without evidence from the defendant that Mr. Lambert was still retained as counsel, the 'per se ineffective' rule does not apply to his failure to file an appeal; and (3) Mr. Lambert should not have filed an appeal because if he had, he would have been breaking ethics rules as he is only allowed to act for "his client." [Doc. 142]. As all the Government's objections turn on a single point, the Court will address them collectively.

The scenario the Court is presented with is as follows: a defendant asked his attorney to appeal his sentence, and then instead of filing the notice of appeal the attorney then took the time to write his client a letter noting that he was not his counsel for appeal and that he would need to be paid before he would file the notice of appeal. The Government argues that because Mr. Lambert was "terminated" that he, therefore, was not petitioner's attorney and was not obligated—or permitted—to file the notice of appeal on behalf of the petitioner. Although technically an attractive argument, it overlooks one fundamental principal of the legal profession—especially in criminal matters—which is that it is the duty of the attorney to convey to the client that the attorney no longer represents the client and, upon termination of representation to protect the interests of the client. *See* Rule 1.16(d), West Virginia Rules of Professional Conduct.

Here, the petitioner and the Government agree that petitioner requested Mr. Lambert file a notice of appeal, that the request was received, and that Mr. Lambert failed to file the notice of appeal, instead instructing the petitioner that he did not represent him. The Government argues that because the letter was received by petitioner in time to file a notice

of appeal with the clerk that Mr. Lambert acted properly. This Court disagrees.

The proper course of action would have been for Mr. Lambert to file the notice of appeal on behalf of the petitioner and then inform petitioner in writing the attorney client relationship had been terminated and that he would have to be retained for appeal. Such a course of action would clearly indicate to petitioner that following the filing of the notice of appeal by Mr. Lambert, he was no longer a client of Mr. Lambert; and filing the notice of appeal would adequately protect petitioner's interests "to the extent reasonably practicable" until such time as petitioner was able to retain other counsel or determine what other documents needed to be filed in conjunction with his appeal. *See* Rule 1.16(d), West Virginia Rules of Professional Conduct.

This Court disagrees with the Government's position that according to the testimony of Mr. Lambert that petitioner unambiguously terminated Mr. Lambert after the sentencing hearing; and, therefore, petitioner was no longer Mr. Lambert's client. Mr. Lambert's understanding—although not to be discarded in its entirety—is not the most probative evidence of termination (nor incidentally is his retainer agreement). The most probative evidence is the testimony of petitioner, as any termination must be known and *understood* not only by the attorney but also by the *client*. According to the West Virginia Rules of Professional Conduct an attorney terminating his services must give his client "reasonable notice." Rule 1.16(d). Although the Court acknowledges that the Government argues it was the client that terminated the relationship, and that the client had notice via the retainer agreement—the fact remains that an attorney's duty is to his *client* and when faced with a grey area as to

whether that attorney has been terminated—especially where the terminated client seeks the attorney out for legal services days after the alleged "termination"—the prudent and professionally responsible action is to presume that the relationship is still intact. As such, this Court finds that Mr. Lambert was in fact petitioner's attorney at the time he requested Mr. Lambert file a notice of appeal on his behalf and accordingly **OVERRULES** the Government's objections to the R & R.

## CONCLUSION

For the reasons stated above and more fully set out in the Magistrate Judge's Opinion/Report and Recommendation:

1. The Magistrate Judge's Opinion/Report and Recommendation [Cr. Doc. 141] is **AFFIRMED** and **ADOPTED** as it recommends that the original judgment should be vacated and that petitioner should be resentenced. [Doc. 141].

2. Petitioner's § 2255 [Cr. Doc. 103] is hereby **GRANTED in part** as to petitioner's claim of ineffective assistance of counsel with regard to counsel's failure to file an appeal on behalf of petitioner. A separate order setting the date and time of petitioner's resentencing will follow.

It is so **ORDERED.**

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

1. Docket No. 103

2. Docket No. 105

3. Docket No. 107

4. Docket No. 109

5. Docket No. 110

*REPORT AND RECOMMENDATION THAT § 2255 MOTION BE GRANTED ONLY ON THE ISSUE THAT PETITIONER INSTRUCTED COUNSEL TO FILE A NOTICE OF APPEAL*

JAMES E. SEIBERT, United States Magistrate Judge.

## I. INTRODUCTION

On July 27, 2007, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] The Government was ordered to answer petitioner's Motion Under 28 U.S.C. § 2255 on October 5, 2007.[2] On November 1, 2007, the Government filed a Motion for Extension of Time to File Response.[3] The Government filed its response on November 29, 2007.[4] By Order dated February 7, 2008, this Court denied the Government's Motion for Extension of Time to File Response as moot. Petitioner then filed a Motion for Extension of Time to File a Reply on February 26, 2008,[5] and filed his Response in Opposition on March 4, 2008.[6] On March 12, 2008, this Court denied as moot, petitioner's Motion for Extension of Time to File a Reply.[7] Petitioner then filed a Supplemental Brief on April 7, 2008.[8] On June 23, 2008, a Report and Recommendation recommending that the § 2255 motion be denied as to all grounds but one and setting an evidentiary hearing on the sole issue of whether petitioner instructed his counsel to file a notice of appeal was entered.[9] An evidentiary hear-

6. Docket No. 111

7. Docket No. 112

8. Docket No. 113

9. Docket No. 121

ing was held on September 5, 2008. Testimony was taken from petitioner and his former counsel, Sherman Lambert, Esquire.

## II. *ANALYSIS*

In this case, petitioner asserts that he requested his counsel file a notice of appeal at the conclusion of the sentencing hearing, on August 8, 2006, based upon purported errors in the career offender enhancement and an appeal based upon his counsel's ineffectiveness. Petitioner notes that he wrote counsel a letter on August 27, 2006 requesting counsel file a notice of appeal. Counsel responded in writing on August 31, 2006 stating that he had not been retained to represent petitioner's interests on appeal. Counsel did not file an appeal. Therefore, petitioner asserts counsel was per se ineffective for failing to file a notice of appeal as instructed. An evidentiary hearing was held pursuant to *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir.2007), which held that an evidentiary hearing is required in such cases to determine whether the petitioner unequivocally instructed his attorney to file a notice of appeal or, if his attorney was not so instructed, the court will determine if petitioner met his burden of showing that: (1) his attorney had a duty to consult under *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations.

The standard for establishing ineffective assistance of counsel is the familiar standard articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must establish that counsel's acts or omissions "were outside the range of professionally competent assistance." *Id.* at 690, 104 S.Ct. 2052. Judicial scrutiny of counsel's performance is "highly deferential," and the Court must avoid second guessing counsel's strategy for obtaining a favorable result for the client. *Id.* at 689, 104 S.Ct. 2052. The burden is on the defendant to prove, by a preponderance of the evidence, that counsel's performance was unreasonable. *Id.* at 687–88, 104 S.Ct. 2052. The reasonableness of counsel's performance is an objective inquiry. *Id.* at 688, 104 S.Ct. 2052.

In the context of a failure by counsel to file a notice of appeal, the Fourth Circuit Court of Appeals has held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." *United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993). In rendering this decision, the Court opined:

Persons convicted in federal district courts have a right to a direct appeal. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). In addition, the Sixth Amendment right to counsel extends to the direct appeal, *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and it obligates the attorney to file the appeal and identify possible issues for the court even if, in the attorney's opinion, those issues are not meritorious. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

*Id.* at 41.

In *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the United States Supreme Court recognized that "[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to

an appeal." *Flores–Ortega*, 528 U.S. at 478, 120 S.Ct. 1029.

Further, the Fourth Circuit maintains that counsel must file an appeal if instructed to, even if appealing would seem contradictory to client's best interest:

> "[A]n attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests. In this case, although there is a real possibility that [defendant] will face a higher sentence or even charges related to the [ ] incident if he decides to appeal, his right to appeal cannot be thwarted by attorney error."

*United States v. Poindexter*, 492 F.3d at 273.

In the case at bar, the Government contends that petitioner's claim is without merit because counsel was terminated by petitioner at the conclusion of the sentencing hearing. The Government further contends that it would have therefor been unethical for counsel to file a notice of appeal when he was no longer retained as counsel. For support, the Government includes an affidavit from petitioner's former counsel attesting to the Government's explanation of events and copies of correspondence between the petitioner and counsel.

■ Conflicting testimony was heard at the evidentiary hearing as to whether petitioner terminated Mr. Lambert at the conclusion of petitioner's sentencing hearing. Other than Mr. Lambert's testimony, the Government offers no evidence that the attorney-client relationship between petitioner and Mr. Lambert was terminated at this time or at any time thereafter. There was nothing in writing to show that petitioner had terminated Mr. Lambert and neither party informed the Court within the ten day period that the relationship had been terminated. Petitioner testified

that he had been involved in various other criminal proceedings and had always had counsel. Rather than attempting to contact another attorney following his sentencing, petitioner contacted Mr. Lambert to have Mr. Lambert file an appeal. This indicates to the Court that petitioner believed the attorney-client relationship was in existence, despite what may have been said following the sentencing hearing. Furthermore, the Court finds that even had it been established that petitioner terminated Mr. Lambert in a heated moment following his sentencing hearing, Mr. Lambert should have either filed the notice of appeal and informed the Court that he had not been retained for the appeal or determined conclusively that petitioner did not want an appeal to be filed.

The sentencing hearing was held on August 8, 2006. The judgment became final ten days later on August 18, 2006. The Court finds petitioner's testimony whether he and Mr. Lambert discussed an appeal at any time prior to the sentencing not entirely credible. Petitioner first states that an appeal was not discussed prior to the sentencing. Petitioner testified that Mr. Lambert discussed with him each and every paragraph of the plea agreement except for paragraph 10, the paragraph containing the waiver of petitioner's right to appeal. The petitioner later testified that an appeal was discussed during his first meeting with Mr. Lambert.

What appears not to be debatable, however, is that petitioner notified Mr. Lambert of his desire to file an appeal following the sentencing hearing. Petitioner and his wife testified that they called Mr. Lambert subsequent to the August sentencing hearing and asked him to file an appeal. Mr. Lambert responded that he was no longer petitioner's attorney and he would need more money to be retained for the appeal. Petitioner introduced a letter dat-

ed August 27, 2008 in which he instructed Mr. Lambert·to file an appeal. Although this letter is after the ten-day period, it is evidence that petitioner wanted an appeal to be filed. Mr. Lambert responded by letter dated August 31, 2008 indicating that he no longer represented petitioner and had not been retained to file an appeal. The Court believes the better course of action for Mr. Lambert would have been to file the notice of appeal and withdraw from the case. Not to file the notice of appeal upon being instructed to do so is per se ineffective.

When a criminal defendant instructs counsel to file an appeal and the appeal is not filed, it is ineffective assistance of counsel per se—irrespective of the merits of the appeal. *Evitts v. Lucey,* 469 U.S. 387, 391–405, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Mr. Lambert has attempted to distinguish between being retained by petitioner, rather than appointed by the court. However, Mr. Lambert still owed petitioner a duty and he failed to take the simple step of filing a notice of appeal and in so doing failed to protect his client's interests. By a preponderance of the evidence, the undersigned finds that Mr. Lambert was instructed to file an appeal in a timely manner and his failure to do so was per se ineffective. The remedy is to vacate the original judgment and enter a new judgment from which an appeal can be taken. *Peak,* 992 F.2d at 42.

### III.  *RECOMMENDATION*

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion granted on the issue that petitioner requested his attorney to file an appeal and counsel ignored or refused this instruction. The Court recommends the original judgment be vacated and the petitioner be resentenced.

Within ten (10) days after being served with a copy of this report and recommen-

dation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir.1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir.1984), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

The Clerk is directed to transmit a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and counsel of record, as applicable.

DATED: October 24, 2008